UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES JETSON, JR., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-1393 |
| § | |
| LEE EDWARD WOODS, JR., *et al.*, § | |
| § | |
| *Defendants*. § | |

**ORDER OF DISMISSAL**

Pending before the court are five motions to dismiss filed by defendants Harris County, Texas ("Harris County"); Etoco, L.P. ("Etoco"); Ballard Exploration Company, Inc. ("Ballard"); Atlantic Richfield Company ("ARCO"); and Equistar Chemicals, L.P. ("Equistar") (collectively, "defendants"). *See* Dkts. 12, 13, 16, 18, & 20. Plaintiff James Jetson Jr.'s ("Jetson") live complaint alleges claims against defendants for fraud, forgery, trespass, ejectment, child support, and unpaid oil and mineral interest royalties, all allegedly arising from a purported wrongful foreclosure of property in Harris County, Texas "on or around 1969." Dkt. 34 at 1–3; *id.* at 3, ¶ 10.[1] According to Jetson's complaint, he and all of the listed defendants are located in Texas. *Id.* at 5 (listing a Texas address for each defendant). Jetson seeks injunctive relief and money damages in the amount of 100 billion dollars. *Id.* at 3–4.

---

[1] Jetson filed his original complaint in this action on April 30, 2012. Dkt. 1. Defendants responded by filing the pending motions to dismiss in late May 2012. While the motions were pending, Jetson filed an amended complaint on July 18, 2012. Dkt. 34. Aside from dropping a potential slander cause of action from the pleading's caption, the amended complaint appears substantively identical to the original complaint. Thus, although the defendants' motions were directed to the original complaint, the court considers the motions at this time because the grounds for dismissal apply equally to the amended complaint. *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 331 n.1 (5th Cir. 2011).

1

Defendants raise various grounds for dismissal, but the court first considers whether it has subject-matter jurisdiction to hear this case. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–87 (5th Cir. 2012) (stating the general rule that federal courts should consider a jurisdictional attack before turning to any attack on the merits). A federal court has subject-matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases in which the amount in controversy exceeds $75,000, excluding interest and costs, and involves diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Jetson, as the plaintiff, bears the burden of establishing subject-matter jurisdiction. *FEMA Trailer*, 668 F.3d at 286.

Jetson alleges that this court's subject-matter jurisdiction rests on its diversity jurisdiction. *See* Dkt. 34 at 2, ¶ 5. Except in certain circumstances not present here, diversity jurisdiction is proper only when there is complete diversity of citizenship—a district court cannot exercise diversity jurisdiction if any plaintiff shares the same citizenship of any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). For diversity purposes, a natural person is considered a citizen of the state where he or she is domiciled, *i.e.* where the person has a fixed residence with the intent to remain indefinitely. *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir.1985). A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Based on plaintiff's allegations, he is a domiciliary of Texas and at least one defendant is a citizen of Texas. *See* Dkt. 34 at 2, ¶ 8; *id.* at 5; *see also* Dkt. 16, Ex. 1 at 1–2, ¶ 2 (affirming that defendant Ballard is a Texas corporation with its principal place of business in Houston, Texas).

Because complete diversity is lacking among Jetson and defendants, this court lacks subject-matter jurisdiction to hear plaintiff's state-law claims, and Jetson's amended complaint should be dismissed.[2]

Etoco, Ballard, ARCO, and Equistar's motions to dismiss for lack of subject-matter jurisdiction (Dkts. 13, 16, 18, & 20) are GRANTED, and Jetson's claims are DISMISSED WITHOUT PREJUDICE. Harris County's motion to dismiss (Dkt. 12) and all other pending motions are DENIED AS MOOT. The court will enter a separate final judgment consistent with this opinion.

It is so ORDERED.

Signed at Houston, Texas on August 16, 2012.

_____
Gray H. Miller
United States District Judge

---

[2] Although Jetson does not plead subject-matter jurisdiction under 28 U.S.C. § 1331, the court notes that there is no conceivable federal claim asserted in Jetson's live complaint. Dkt. 34. Jetson's claims include trespass to try title, wrongful foreclosure, unpaid child support, fraud, forgery, ejectment, and unpaid mineral royalties, none of which invoke a question of federal law. *See Moses v. McCandless*, No. 04-cv-212, 2006 WL 887400, at *2 (E.D. Tex. Mar. 28, 2006) (trespass to try title action arises under Texas law); *In re Villareal*, Adv. No. 08-7001, 2008 WL 717551, at *8 (Bankr. S.D. Tex. Mar. 14, 2008) (Isgur, J.) (wrongful foreclosure is a claim "dictated by state law"); *Steele v. Steele*, No. 10-cv-40, 2011 WL 2413400 (E.D. Ky. June 10, 2011) (child support is a state-law issue); *United States v. Evans*, 148 F.3d 477, 483 (5th Cir. 1998) (explaining that ordinary fraud is a state-law claim); *McMillan v. Miller*, No. 03-cv-420, 2009 WL 4573971, at *2 (E.D. Tenn. Dec. 2, 2009) ("[F]orgery is a claim based upon state law, and is not a cause of action which entails a federal question."); *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 10-cv-1321, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (holding that a forcible detainer or ejectment action for repossession of real property does not raise an issue of federal law); *Adkins v. Dorcheat Land & Timber Co. LLC*, No. 07-0749, 2009 WL 1097968, at *3 (W.D. La. Apr. 22, 2009) (mineral rights dispute among private parties is an issue of state law).